60 F.3d 840
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Alice M. KEIGHLEY, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 95-7031.
 United States Court of Appeals, Federal Circuit.
 June 8, 1995.
 
 Before RICH, Circuit Judge, BENNETT, Senior Circuit Judge, and NEWMAN, Circuit Judge.
 ON MOTION
 ORDER
 RICH, Circuit Judge.
 
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(e) and to dismiss Alice M. Keighley's appeal for lack of jurisdiction. Keighley opposes and moves for an extension of time, until May 12, 1995, to respond to the motion to dismiss. However, Keighley has not filed a response.
 
 
 2
 In 1944, Keighley's husband, George A. Keighley, was awarded service connection for psychosis with a 10% disability rating. Over the years, the veteran's rating was incrementally increased. In 1978, the regional office granted a 70% rating for the anxiety reaction and awarded a total disability rating based on individual unemployability.
 
 
 3
 Shortly after her husband's death in 1986, Keighley filed a claim for dependency and indemnity compensation (DIC) benefits based on entitlement to service connection for the cause of death. The Board of Veterans Appeals determined that the veteran's service-connected disability was not a principal or contributory cause of the veteran's death.[1] In 1988, Keighley pursued a separate claim for entitlement to DIC benefits under 38 U.S.C. Sec. 1318 on the ground that a 1964 regional office rating decision was based on clear and unmistakable error.[2] In 1993, the Board concluded that the earlier rating decisions of the regional office did not contain clear and unmistakable error and denied service connection under 38 U.S.C. Sec. 1318. The Court of Veterans Appeals summarily affirmed the Board's decision. Keighley appealed to this court.
 
 
 4
 Under 38 U.S.C. Sec. 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, Sec. 7292(d) requires this court to dismiss the appeal. That section states that this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 5
 In her informal brief, Keighley argues that certain evidence concerning her husband's disability was not considered and that the denial of her entitlement to benefits was "an abuse of discretion." In essence, Keighley is challenging findings of fact and the application of the law to the facts of her case. As this court has no jurisdiction to conduct the inquiry that Keighley seeks, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed. Cir. 1992).
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) The Secretary's motion to waive the requirements of Fed. Cir. R. 27(e) is granted.
 
 
 8
 (2) The Secretary's motion to dismiss is granted.
 
 
 9
 (3) Keighley's motion for an extension of time is granted.
 
 
 10
 (4) Each side shall bear its own costs.
 
 
 
 [1]
 The parties agreed that the Court of Veterans Appeals did not have jurisdiction to review this issue because the Notice of Disagreement was not filed on or after November 18, 1988
 
 
 [2]
 Section 1318 of 38 U.S.C. provides, inter alia, that DIC benefits shall be paid to the surviving spouse of a veteran who was entitled to receive compensation at the time of death for a service-connected disability that was continuously rated totally disabling for a period of 10 or more years immediately preceding death